UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENAN THOMPSON,<br><br>        Plaintiff,<br><br>     v.<br><br>EQUIFAX,<br><br>        Defendant. | Case No. 24-cv-08904-VC<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

Equifax's motion to dismiss is granted with leave to amend. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

*Inaccuracies*. Thompson adequately alleges that his credit report was inaccurate because three bank accounts (two Navy Federal accounts and one Discover account) were reported as charged off when they were paid in full. He also adequately alleges that two Discover accounts were listed as authorized user accounts even though they were his individual accounts. For each of these accounts, Thompson provided the bank account's last four digits.

However, Thompson fails to state a claim with respect to his credit utilization data. He alleges that his credit utilization data was reported inaccurately, but he does not provide any detail about what the report said about his credit utilization, nor does he explain why that reporting was inaccurate or misleading.

*Reasonableness of Equifax's Procedures*. Credit reporting agencies are required under Section 1681(e)(b) to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If a consumer disputes the accuracy of their report, credit reporting agencies are also required to

"conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information" or "delete the item from the file" within 30 days after receiving notice of the dispute. 15 U.S.C. § 1681i.

Thompson alleges that he disputed the inaccuracies with supporting documentation with Equifax on May 13, 2024, and that Equifax did not correct or remove the inaccurate information within 30 days. He also alleges that he then disputed the inaccuracy five more times, on 7/3/24, 9/12/24, 9/24/24, 10/7/24, and 10/20/24. From these facts alone, Thompson has not alleged the unreasonableness of Equifax's procedures for assuring accuracy and reinvestigation because it is not clear what he said in his disputes to Equifax, what supporting documentation he attached, or whether Equifax ever responded to any of his disputes. *See Finley v. TransUnion*, No. 17-CV-07165, 2020 WL 408987, at *3 (N.D. Cal. Jan. 24, 2020), *aff'd*, 830 F. App'x 954 (9th Cir. 2020).

*Actual damages*. Thompson sufficiently alleged actual damages by alleging that he suffered credit denials, emotional distress, injury to his creditworthiness, and mental distress. *See Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

*Willfulness*. Thompson has not alleged enough facts to infer that Equifax willfully violated the FCRA. *See* 15 U.S.C. § 1681n. Willfulness cannot be inferred without more detail about what documentation Thompson sent Equifax in his disputes and whether Equifax responded or followed up on the disputes.

Dismissal is with leave to amend. Any amended complaint must be filed with 14 days of this order.

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
VINCE CHHABRIA
United States District Judge