UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENAN THOMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUIFAX,<br><br>        Defendant. | Case No. 24-cv-08904-VC (PHK)<br><br>**ORDER DENYING MOTION TO DISQUALIFY MAGISTRATE JUDGE**<br><br>Re: Dkt. 84 |

Now before the undersigned is *pro se* Plaintiff Kenan Thompson's motion seeking disqualification of the undersigned. [Dkt. 84]. After carefully reviewing the submissions, the undersigned finds this matter fit for adjudication without oral argument. Civil L.R. 7-1(b). For the reasons stated herein, the undersigned **DENIES** the motion to disqualify.

## RELEVANT BACKGROUND

On March 31, 2025, all discovery in this matter was referred to the undersigned. [Dkt. 28]. In June and July, the Parties filed discovery letter briefs and accordingly, on July 16, 2025, the undersigned set a discovery hearing on those matters on August 7, 2025. [Dkt. 54]. On July 21, 2025, Plaintiff Thompson filed a motion to appear at the hearing remotely. [Dkt. 57]. On July 23, 2025, the undersigned denied the motion because the "undersigned [found] that Plaintiff has not shown good cause for remote attendance." [Dkt. 58].

The same day, Plaintiff Thompson filed a renewed motion to appear remotely. [Dkt. 60]. On July 28, 2025, the undersigned denied the motion as a procedurally improper request for reconsideration and on the merits of the request. [Dkt. 61]. The same day Plaintiff Thompson moved to file a motion for reconsideration. [Dkts. 62–63]. On August 4, 2025, the undersigned denied the request. [Dkt. 68]. On August 5, 2025, Plaintiff Thompson objected to the denial and

sought relief from a non-dispositive pre-trial order. [Dkt. 68]. The following day, the presiding judge, Judge Chhabria, denied Plaintiff Thompson's objections. [Dkt. 70]. The same day, Plaintiff Thompson sought "emergency relief" seeking to stay all hearings or allow remote appearance. [Dkt. 71]. The following day, the undersigned denied the motion. [Dkt. 72]. The undersigned explained that "Plaintiff [was] merely repeat[ing] arguments already rejected by both this Court and Judge Chhabria, offers no credible evidence to support his claim of financial hardship, and fails to demonstrate any genuine inability to secure transportation." *Id.*

The Court noted in particular:

> Furthermore, Plaintiff Thompson again avers, without evidence, that he lacks the funds to take public transportation to the courthouse. [citation]. He has submitted general declarations but no verified financial records, bank statements, or other documentation to substantiate his claim that he cannot afford the cost of public transportation. The Court finds it highly dubious that Plaintiff Thompson cannot afford public transportation and suspects this claim is merely a pretext to avoid appearing in person. Plaintiff Thompson fails to submit any evidence to corroborate his claim that he has been unable to find a friend, relative, or neighbor who could assist him with transportation to the courthouse. Plaintiff has made no showing of any effort to secure transportation, public or private, for the approximately 44-mile distance from Antioch to San Francisco.

*Id.* at 2.

On August 7, 2025, the undersigned held the noticed discovery hearing. Plaintiff Thompson did not appear. [Dkt. 73]. On August 11, 2025, the undersigned issued an Order to Show Cause directed to Plaintiff Thompson regarding his nonappearance and failure to comply with court orders. [Dkt. 55]. On August 18, 2025, Plaintiff Thompson submitted his response to the Order to Show Cause, which, again, alleged his financial hardship without submitting exhibits to corroborate the assertions. [Dkt. 79]. The undersigned has set a hearing on the Order to Show Cause for September 5, 2025. [Dkt. 83].

## LEGAL STANDARD

"Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). "Section 144 provides a procedure for a party to recuse a judge." *Id.* "Under both statutes, recusal is appropriate where 'a reasonable person with

1  knowledge of all the facts would conclude that the judge's impartiality might reasonably be
2  questioned.'" *Id.* (quoting *In re Yagman*, 796 F.2d 1165 (9th Cir.), *opinion amended on denial of*
3  *reh'g sub nom. In re Yagman*, 803 F.2d 1085 (9th Cir. 1986)) (citing *United States v. Conforte*, 624
4  F.2d 869, 880–81 (9th Cir.), *cert. denied*, 449 U.S. 1012 (1980) (discussing standard for
5  disqualification under sections 144 and 455)). "Accordingly, recusal will be justified either by
6  actual bias or the appearance of bias." *Yagman*, 987 F.2d at 626 (citing *Preston v. United States*,
7  923 F.2d 731, 734 (9th Cir. 1991)).

8  "Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant
9  to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the
10 affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for
11 disqualification to the Clerk for random assignment to another Judge." Civil L.R. 3-14.

## DISCUSSION

13 Plaintiff's motion to disqualify is not rooted in any showing of actual bias, but is instead yet
14 another effort by Plaintiff Thompson to sidestep the Court's orders and avoid his obligation to
15 appear at a court-ordered hearing. Rather than pointing to substance, the motion points only to
16 delay, and for the reasons discussed herein, the Court denies the motion.

17 Here, Plaintiff Thompson seeks recusal pursuant to Section 455. [Dkt. 84]. The undersigned
18 concludes the motion is legally deficient and was interposed for the purpose of delay under Local
19 Rule 3114, because no "reasonable person with knowledge of all the facts would conclude that the
20 judge's impartiality might reasonably be questioned." *Yagman*, 987 F.2d at 626 (citations omitted).

21 As detailed in the undersigned's Standing Order, on the undersigned's public web page on
22 the court website, and as explained at the hearing, the undersigned has a strong preference for in-
23 person discovery management conferences. Based on the undersigned's experience, in-person
24 hearings are generally much more effective and productive than remote hearings. Accordingly, the
25 undersigned sets nearly every hearing in-person, and typically affords parties sufficient notice to
26 attend hearings. The undersigned will also accommodate objectively verifiable scheduling conflicts
27 by resetting in-person hearings.

28 As explained in the background, Plaintiff Thompson has engaged in serial filings to avoid

1  appearing personally at hearings. The undersigned notes that the cost of public transportation from
2  Plaintiff's address in Antioch, California to and from the courthouse is less than twenty dollars. The
3  Bay Area Rapid Transit system is a public transportation rail system, which spans the entire Bay
4  Area. The BART Yellow Line has a station in Antioch, California, and goes directly to the Civic
5  Center/UN Plaza station, which is approximately two to three blocks from the courthouse.
6  According to the BART Yellow Line schedule, the ride from the Antioch station to the Civic Center
7  station takes approximately one hour and fifteen minutes.

8      Other than alleging generally that he is too poor to travel by public transportation, Plaintiff
9  has never met his burden to demonstrate that such cost constitutes an extreme financial hardship,
10 particularly where he has averred in court filings multiple times that he owns a car and resides rent-
11 free without paying monthly utility obligations. *See* Dkt. 2. As noted previously, Plaintiff has not
12 submitted bank statements, income tax returns, invoices for monthly expenses, evidence of long-
13 term debt, or any actual documentary evidence to substantiate the unsupported claim that he cannot
14 afford the fare of a public transit trip to the courthouse. Nor has Plaintiff ever explained why he
15 cannot use the car he owns or what diligent efforts he has made to secure transportation from a
16 friend or relative. On the current state of the record submitted to the Court, Plaintiff's averments
17 are insufficient.

18     Moreover, with regard to the current motion, simply because a court finds a party has not
19 met its burden of proof or persuasion on an issue does not mean that the court is biased (or even has
20 the appearance of bias) against that party. Applying the legal rules and requiring a party to satisfy
21 its burden of proof is not evidence of bias or appearance of bias, otherwise the entire justice system
22 would grind to a halt every time a judge denied any party's motion. Plaintiff's motion is based
23 almost entirely on the fact that the undersigned denied Plaintiff's repeated motions for leave to
24 appear remotely. The Court has discretion in conducting hearings. The Court's previous finding
25 that Plaintiff failed to justify remote appearance is not a sign of appearance of bias (let alone actual
26 bias), but rather an appropriate exercise of discretion. Plaintiff's motion to disqualify is thus legally
27 insufficient.

28     Plaintiff failed to comply with the undersigned's and Judge Chhabria's prior orders requiring

his personal appearance at the August 7 discovery hearing. The fact that statements were made on the record at a hearing Plaintiff voluntarily chose not to attend does not constitute bias (or the appearance of bias) sufficient to warrant disqualification. Because Plaintiff was not present at the August 7 hearing, there was no substantive argument as to the discovery motions and the matter was simply submitted. There is no appearance of bias (or actual bias) in calling the case in a noticed hearing, confirming whether or not Plaintiff failed to appear, and then after a few short comments, submitting the matter. If that were the case, then docket and case management would be thrown into chaos every time a party chose not to appear at a hearing. Finally, the Court is not persuaded by Plaintiff's circular argument that his failure to appear, an admitted violation of court orders, should excuse his conduct and simultaneously support granting the present motion.

Finally, the Court rejects as legally unsupported Plaintiff's contention that resolving the discovery motions on the papers is grounds for disqualification. The Court's decision to resolve the discovery motions without oral argument does not constitute a violation of Plaintiff Thompson's rights, because the Local Rules expressly allow the Court to resolve motions on the papers. Civil L.R. 7-1(b). Plaintiff Thompson's discovery briefs fully set forth his positions. Indeed, the undersigned ruled on the dispute based on a thorough review of the submissions. And again, it is difficult to square Plaintiff's contention that he should not have to attend the motions hearing (which resulted in no oral argument) with his contention in this motion that the decision to resolve the discovery disputes without oral argument is cause for disqualification. Simply following this Court's local rules for the procedure for resolving discovery motions without hearing oral argument is neither an appearance of bias nor actual bias, particularly where Plaintiff's choice not to attend the hearing was the very reason there was no oral argument.

As to the issue of delay, the Court notes that the hearing on the Order to Show Cause has been set for September 5, 2025. The same day as filing the instant motion to disqualify, Plaintiff filed a motion to stay of all proceedings in this case based on the mere pendency of the instant motion to disqualify. [Dkt. 86]. Thus, Plaintiff has expressly linked this motion to disqualify with requests to delay the case, either in its entirety or at least with regard to the OSC hearing. These actions explicitly demonstrate that the motion to disqualify was interposed for purposes of delay.

*See* Civil L.R. 3-14.

Accordingly, pursuant to Civil Local Rule 3-14, the Court finds the motion to disqualify legally insufficient and interposed for delay. Thus, under Civil L.R. 3-14, referral of the instant motion to disqualify is not warranted. As to the merits of the motion to disqualify, the Court finds that Plaintiff has not met his burden to demonstrate either bias or the appearance of bias, for all the reasons discussed herein.

## CONCLUSION

For the reasons set forth herein, the undersigned **DENIES WITH PREJUDICE** Plaintiff Thompson's motion to disqualify.

This **RESOLVES** Dkt. 84.

**IT IS SO ORDERED.**

Dated: September 4, 2025

_____
PETER H. KANG
United States Magistrate Judge